**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>and<br><br>U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES,<br>5900 Capital Gateway Drive<br>Camp Springs, MD 20588<br><br>*Defendants.* | Case No. 26-cv-1034 |

**COMPLAINT**

1.      Plaintiff Campaign Legal Center brings this action against the U.S. Department of State (State) and U.S. Citizenship and Immigration Services (USCIS) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2.      In June 2025, the federal government announced that it would begin reviewing the social media accounts of foreign citizens who apply for certain visas to enter the United States, for the purpose of altering—and in some cases revoking—the relevant visas if the individual had made

a statement that could be perceived as expressing "hostility toward the citizens, culture, government, institutions or founding principles of the United States."[1]

3.      In December 2025, the federal government expanded this social media vetting program to include additional types of visas,[2] as well as visitors to the United States who are eligible to enter the country through the visa waiver program, including those traveling to events such as this year's World Cup.[3]

4.      Also in 2025, USCIS implemented a new rule prohibiting anyone other than state or local election officials from registering new voters at administrative naturalization ceremonies.[4]

5.      Campaign Legal Center now brings this action pursuant to FOIA to seek the release of records relating to federal agency decisions to alter visa holder status based on social media activity, and records regarding new limitations on the provision of voter registration services at naturalization ceremonies.

---

[1] Edward Wong, *U.S. to Review Social Media Posts of Student and Scholar Visa Applicants*, N.Y. Times (June 18, 2025), https://www.nytimes.com/2025/06/18/us/politics/student-visa-applications.html; *see also* Kat Lonsdorf, *U.S. Will Review Social Media for Foreign Student Visa Applications*, NPR (June 19, 2025, 11:27 AM), https://www.npr.org/2025/06/19/g-s1-73572/us-resumes-visas-foreign-students-access-social-media.

[2] *See, e.g.*, Priyanka Salve, *H-1B Visa Applicants Face More Disruptions Amid Social Media Checks and Wage Protection Rules*, CNBC (Dec. 23, 2025, 5:41 AM), https://www.cnbc.com/2025/12/23/h-1b-visa-applicants-face-more-disruptions-amid-social-media-checks.html; Pranshu Verma & Supriya Humar, *H-1B Workers Flew to India to Renew U.S. Visas. Now They're Stuck.*, Wash. Post (Dec. 19, 2025), https://www.washingtonpost.com/world/2025/12/19/india-h1b-visas-skilled-workers-trump/.

[3] *See, e.g.*, Vanessa Romo, *What's on Your TikTok Page? U.S. Looks to Scour Tourists' Online Profiles*, NPR (Dec. 12, 2025, 7:24 AM), https://www.npr.org/2025/12/11/nx-s1-5641086/tourists-social-media-screening-changes; Christine Chung, *U.S. Plans to Scrutinize Foreign Tourists' Social Media History*, N.Y. Times (Dec. 9, 2025), https://www.nytimes.com/2025/12/09/travel/social-media-tourists-visa-border-patrol.html.

[4] *See* Ashley Lopez, *Trump Administration Blocks Groups from Voter Registration at Naturalization Events*, NPR (Sept. 2, 2025, 3:16 PM), https://www.npr.org/2025/09/02/nx-s1-5525875/trump-naturalization-voter-registration-uscis.

2

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Campaign Legal Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

9. Plaintiff Campaign Legal Center is a nonpartisan, non-profit section 501(c)(3) organization dedicated to advancing democracy through law at the federal, state, and local levels. Campaign Legal Center works extensively on issues related to elections and voting rights, to ensure every American's right to responsive government and a fair opportunity to participate and affect the democratic process. To protect and improve the democratic system, Campaign Legal Center uses tactics such as litigation, policy advocacy, and other public education tools. The organization is incorporated under the laws of the District of Columbia.

10. Defendant U.S. Department of State is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of records that Campaign Legal Center seeks.

3

11.     Defendant U.S. Citizenship and Immigration Services is headquartered in Camp Springs, MD, and is a component of the U.S. Department of Homeland Security, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of records that Campaign Legal Center seeks.

## STATEMENT OF FACTS

12.      On October 15, 2025, Campaign Legal Center submitted two FOIA requests to State and USCIS seeking records with the potential to shed light on federal government activity related to decisions to alter visa holder status based on social media activity and limitations on the provision of voter registration services at naturalization ceremonies.

*Department of State Request*

13.     On October 15, 2025, Campaign Legal Center submitted a request to State, seeking the following records created, issued, or in effect from February 1, 2025, through the date the search is conducted:

1. Records reflecting all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise used by the State Department concerning decisions to alter visa holders' visa status in light of comments and/or posts made by visa holders on social media.

   Responsive records may include, but are not limited to, memorandums, handbooks, email communications—including attachments to such emails—and any other communications used to provide such directives, guidance, protocol, or policies.

   Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Office of the Deputy Secretary of State, and the Bureau of Consular Affairs.

2. Records reflecting any training materials created by, issued to, or otherwise used by the State Department regarding decisions to alter visa holders' visa status in light of comments and/or posts made by visa holders on social media.

4

Records may include, but are not limited to, PowerPoint slides, informational handouts, summary documents, handwritten or typed notes, training videos, or any other records used in trainings.

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Office of the Deputy Secretary of State, and the Bureau of Consular Affairs.

3.  Records reflecting any agreements, Memoranda of Agreement (MOAs), or contracts between your office and the US Citizenship and Immigration Services (USCIS) concerning altering a visa holder's visa status in light of comments and/or posts made by that visa holder on social media.

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Office of the Deputy Secretary of State, and the Bureau of Consular Affairs.

14.    Campaign Legal Center's FOIA request to State also included a request for a fee waiver and a request for expedited processing.

15.    On November 25, 2025, State acknowledged receipt of this request and assigned it agency tracking number F-2026-01050, and denied Campaign Legal Center's request for a fee waiver and request for expedited processing.

16.    On February 20, 2026, Campaign Legal Center filed an administrative appeal with State related to its denial of Campaign Legal Center's request for a fee waiver and request for expedited processing.[5]

17.    On February 24, 2026, State acknowledged receipt of Campaign Legal Center's administrative appeal and assigned the appeal agency tracking number A-2026-00192.

---

[5] This Complaint does not seek judicial review of the fee waiver determination or the expedited processing determination.

18.     As of the date of this Complaint, Campaign Legal Center has received no further communications from State concerning this request.

*U.S. Citizenship & Immigration Services Request*

19.     On October 15, 2025, Campaign Legal Center submitted a request to USCIS, seeking the following records:

1. Records reflecting all formal or informal final directives, guidance, protocol, or policies created by, issued to, or otherwise used by USCIS concerning decisions to alter visa holders' visa status in light of comments and/or posts made by visa holders on social media.

   Responsive records may include, but are not limited to, memorandums, handbooks, email communications—including attachments to such emails—and any other communications used to provide such directives, guidance, protocol, or policies.

   Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

   For all parts of this request, please provide all responsive records created, issued, or in effect from February 2025, through the date the search is conducted.

2. Records reflecting any training materials created by, issued to, or otherwise used by USCIS regarding decisions to alter visa holders' visa status in light of comments and/or posts made by visa holders on social media.

   Records may include, but are not limited to, PowerPoint slides, informational handouts, summary documents, handwritten or typed notes, training videos, or any other records used in trainings.

   Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

For all parts of this request, please provide all responsive records created, issued, or in effect from February 2025, through the date the search is conducted.

3. Records reflecting any agreements, Memoranda of Agreement (MOAs), or contracts between your office and the Department of State and/or concerning altering a visa holder's visa status in light of comments and/or posts made by that visa holder on social media.

   Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

   For all parts of this request, please provide all responsive records created, issued, or in effect from February 2025, through the date the search is conducted.

4. Records reflecting all formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise used by USCIS concerning its new rule that, outside of USCIS field officers, only state and local election officials are permitted to provide voter registration services at administrative naturalization ceremonies.

   Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

   For all parts of this request, please provide all responsive records created, issued, or in effect from February 2025, through the date the search is conducted.

5. Records reflecting any training materials given to or provided by USCIS regarding its new rule that, outside of USCIS field officers, only state and local election officials are permitted to provide voter registration services at administrative naturalization ceremonies.

   Responsive records may include, but should not be limited to, PowerPoint slides, informational handouts, summary documents, handwritten or typed notes, training videos, or any other records used in trainings.

7

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

For all parts of this request, please provide all responsive records created, issued, or in effect from February 2025, through the date the search is conducted.

6. Records reflecting any communications previously received regarding any complaints or concerns about third party organizations providing voter registration services at naturalization ceremonies.

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

For all parts of this request, please provide all responsive records created, issued, or in effect from January 2011, through the date the search is conducted.

7. Records reflecting all formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise used by USCIS or its predecessor agencies (Bureau of Citizenship Immigration or Immigration and Naturalization Services) prior to 2011 concerning voter registration at naturalization ceremonies, including but not limited to: "Policy Memorandum 82 Guidelines for Voter Registration at Naturalization Ceremonies," issued Jan. 28, 2002, "Guidelines for Voter Registration at Naturalization Ceremonies," issued Aug. 03, 2004, and "Revised Guidance for Conducting Administrative Naturalization Ceremonies," issued Nov. 01, 2004.

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

8. Records reflecting any training materials given to or provided to USCIS or its predecessor agencies prior to 2011 regarding participation of non-governmental entities in voter registration activities at naturalization ceremonies.

Requestor believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Director, Immigration Records & Identity Services Directorate, and the External Affairs Directorate.

20. Campaign Legal Center's FOIA request to USCIS also included a request for a fee waiver and a request for expedited processing.

21. On October 20, 2025, USCIS acknowledged receipt of this request and assigned it agency tracking number COW2025005572, granted Campaign Legal Center's request for a fee waiver, and stated that the request was being placed in the complex processing track (Track 2).

22. As of the date of this Complaint, Campaign Legal Center has received no further communications from USCIS concerning this request.

*Exhaustion of Administrative Remedies*

23. As of the date of this Complaint, Defendants have failed to: (a) notify Campaign Legal Center of a final determination regarding Campaign Legal Center's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

24. Through Defendants' failure to respond to Campaign Legal Center's FOIA requests within the time period required by law, Campaign Legal Center has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

25.    Campaign Legal Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.    Campaign Legal Center properly requested records within the possession, custody, and control of Defendants.

27.    Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

28.    Defendants have failed to promptly and adequately search for agency records that are responsive to Campaign Legal Center's FOIA requests.

29.    The failure of each Defendant to conduct an adequate search for responsive records violates FOIA.

30.    Plaintiff Campaign Legal Center is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Campaign Legal Center's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

31.    Campaign Legal Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32.    Campaign Legal Center properly requested records within the possession, custody, and control of Defendants.

33.    Defendants are wrongfully withholding non-exempt agency records requested by Campaign Legal Center by failing to produce non-exempt records responsive to its FOIA requests.

10

34.    Defendants are wrongfully withholding non-exempt agency records requested by Campaign Legal Center by failing to segregate exempt information in otherwise non-exempt records responsive to Campaign Legal Center's FOIA requests.

35.    Each Defendant's failure to provide all non-exempt responsive records violates FOIA.

36.    Plaintiff Campaign Legal Center is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Campaign Legal Center respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Campaign Legal Center's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Campaign Legal Center's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Campaign Legal Center's FOIA requests;

(4) Award Campaign Legal Center the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

11

(5) Grant Campaign Legal Center such other relief as the Court deems just and proper.

Dated: March 26, 2026

Respectfully submitted,

*/s/ Jessica Jensen*
Jessica Jensen
D.C. Bar No.1048305
Emma Lewis
D.C. Bar No. 144574
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
jessica.jensen@americanoversight.org

Renata O'Donnell
D.C. Bar No. 1723929
Dana Paikowsky
D.C. Bar No. 1722349
CAMPAIGN LEGAL CENTER
1030 15th Street NW, B255
Washington, DC 20005
(202) 736-2200
rodonnell@campaignlegalcenter.org

*Counsel for Plaintiff*